the statutory language and determined that the BOP's interpretation of that statute was reasonable. Thus, the Eleventh Circuit affirmed the BOP's policy to award an inmate 54 days of GCT credit toward service of sentence for each year served, rather than for each year sentenced. Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005) (*per curiam*).

Whether Petitioner relies exclusively on the text of §3624 rather than a now-discredited interpretation of that statute from White v. Scibana, *supra*, it is clear that he is not entitled to the relief he seeks. As described above, the Eleventh Circuit has conclusively rejected the result of Petitioner's interpretation of the GCT statute. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the stay in this case is **LIFTED**, the petition is **DENIED**, and this civil action shall be **CLOSED**.

SO ORDERED this 9th day of November, 2005.

JOHN F. NANGLE, JUDGE
UNITED STATES DISTRICT COURT

2

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2005 NOV 10 AM 10: 25

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JUAN CARLOS SALTOS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 304-106 |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Respondent. ) | |

### ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed. In his objections, Plaintiff argues that contrary to the Magistrate Judge's analysis, his petition is not based on the now-discredited White v. Scibana, 314 F. Supp.2d 834, 838 (W.D. Wis. 2004), *rev'd by*, White v. Scibana, 390 F.3d 997, 1002-03 (7th Cir. 2004), *cert. denied*, White v. Hobart, -- U.S.--, 125 S. Ct. 2921 (June 13, 2005). Rather, Petitioner states that he "relies on The Good Time Statute, 28 U.S.C. § 3624." (Doc. no. 13, p. 1). However, as the Magistrate Judge explained, White v. Scibana was a published case that opined the Bureau of Prisons ("BOP") had incorrectly interpreted the good conduct time statute - found at 18 U.S.C. § 3624 - and advocated for a sentence calculation that, in accordance with Petitioner's argument, would result in the possibility to earn a maximum of fifty-four (54) days of good conduct time ("GCT") for each of the years a federal inmate had been sentenced to serve. The Magistrate Judge also set forth the text of § 3624 and explained that the Eleventh Circuit had reviewed